### S05Y1256. IN THE MATTER OF HARRY RAND.
(616 SE2d 452)

PER CURIAM.

This disciplinary matter is before the Court on the Report of the Special Master recommending that the Court accept Rand's petition

for voluntary discipline and be removed from the practice of law for five years under Rule 4-104 of the Georgia Rules of Professional Conduct, based on disability for the practice of law. The State Bar recommends that the petition be accepted.

Five separate formal complaints were filed against Rand, based on separate instances of misuse of settlement monies received on behalf of personal injury clients. The grievances were consolidated for an evidentiary hearing before a special master. The special master found that Rand suffers a significant mental disability and because of that disability failed to account properly for funds held in a fiduciary capacity and that he applied settlement funds improperly. However, the special master also found that Rand has paid all amounts owed to clients or third parties.

With respect to Rand's disability, the special master found that following a contentious partnership dissolution in 1998, Rand began treatment with a psychiatrist and ultimately was diagnosed with a bipolar disorder, necessitating "intricate combination of medication" and at times, hospitalization. His psychiatrist believes that Rand is presently disabled for the practice of law. Rand's illness was exacerbated by several family matters, including the death of both parents and becoming responsible for the care of his sister, who has a long history of mental illness requiring that she be alternately institutionalized and hospitalized. During his illness, Rand experienced difficulty with his banking relationships and began the improper handling of his clients' funds.

The special master found that absent Rand's disability, his conduct would subject him to disciplinary sanctions. Nevertheless, the special master recommends that this matter be handled under Rule 4-104 (a), which provides, in part, that "[w]ant of a sound mind ... to the extent of impairing competency as an attorney ... shall constitute grounds for removing the attorney from the practice of law."

The special master found the following mitigation factors to apply: absence of prior disciplinary record since being admitted to the Bar in 1976; absence of a dishonest or selfish motive; existence of personal and emotional problems; timely good faith effort to make restitution and rectify consequences of misconduct; full and free disclosure to disciplinary board and cooperative attitude toward proceedings; good character and reputation; mental disability or impairment; interim rehabilitation; and remorse.

We have reviewed the record, and adopt the special master's report and accept the petition for voluntary discipline. Accordingly, the name of Harry Rand is hereby removed from the rolls of persons entitled to practice law in the State of Georgia for a period of five years from the date of this opinion. Rand is reminded of his duties under

Bar Rule 4-219 (c). Rand may seek reinstatement under the rules applicable at the conclusion of the five-year period.

*Voluntary petition accepted. All the Justices concur.*

DECIDED JULY 8, 2005.

*William P. Smith III, General Counsel State Bar, Jenny K. Mittelman, Assistant General Counsel State Bar*, for State Bar of Georgia.

*James E. Spence, Jr.*, for Rand.